Elizabeth A. Matthews and Henry M. Matthews, Executors of the Will of George L. Matthews v. Samuel H. Kerfoot.

1.  REAL ESTATE—*Contracts Giving Vested Interests.*—A contract in writing and for a money consideration, by the owners of land described in it, with a second party, by which such land is subdivided into lots

and improved at a joint equal expense of all parties, and sold, the second party taking sole care, charge and management of the premises, attending to the payment of taxes thereon, making sales thereof, collecting moneys to come due on such sales, etc., without fee or commission, requiring such party to advance one-half of all money " in any way expended in behalf " of the property, and making him responsible for one-half of any deficiency in the proceeds of sales to pay the owners with interest, with all advances made by them, and extending the rights and obligations to the heirs and legal representatives of the parties, gives to such party a present vested interest in the land.

Claim in Probate.—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

MATTHEWS & HUGHES, attorneys for appellants.

JOHN P. AHRENS, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The controversy here is wholly as to the effect of a contract, as follows:

" Memorandum of an agreement made and entered into this first day of June, A. D. 1871, by and between George L. Matthews and Darius K. Cornwell, composing the firm of Matthews & Cornwell, of the city of Chicago, Cook county, Illinois, of the first part, and Samuel H. Kerfoot, of the same place, of the second part, witnesseth :

That whereas, the said Matthews & Cornwell are the owners of the southeast quarter of the southwest quarter of section twenty-five (25), in township forty (40) north, of range thirteen (13), east of the third (3d) principal meridian, in said Cook county, Illinois, subject, however, to an agreement made with the West Park Commissioners, by which the said Matthews & Cornwell were to deed the right of way over a strip of land one hundred and twenty-five (125) feet in width, running east and west along the north line of said above described land for boulevard purposes.

Be it known that, in consideration of the sum of one dollar, to the said Matthews & Cornwell in hand paid by the

said Kerfoot, the receipt whereof is hereby acknowledged, the said Matthews & Cornwell, their heirs or assigns, agree to sell to the said Kerfoot, his heirs or assigns, an interest in said premises, on the following terms, to wit:

The parties hereto shall jointly and equally pay all taxes and assessments levied on said premises, from, since and after the first day of January, A. D. 1868, as also all costs of grading streets or other improvements made, or to be made, on said premises, by the joint consent of the parties hereto. The said Kerfoot shall take sole care, charge and management of said premises, attend to the payment of taxes thereon, make sales thereof, collect moneys to come due on such sales, and in fine, to do all that a resident and supervising agent should do, toward the profitable and advantageous management and disposal of said premises, without fee or commission.

All proceeds of sales of said premises, or parts of said premises, after the payment of taxes and cost of improvements thereon, shall go into the hands of the said Matthews & Cornwell, their heirs or assigns, until the aggregate amount of such sale shall reach the full sum of twenty-five thousand nine hundred and eighty dollars ($25,980), with ten per cent interest thereon, from the said first day of June, A. D. 1871.

The said Matthews & Cornwell being thus fully paid by cash and securities arising from such sales, the said sum of $25,980, with interest thereon as aforesaid, all parts of said premises then at the time of said payment remaining unsold, and all further proceeds of sales of any part of said premises remaining on hand, or to be collected after the payment to Matthews & Cornwell as above stated, shall be the joint property of, and belong to the said Matthews & Cornwell, their heirs or assigns, an equal half, and to the said Kerfoot, his heirs or assigns, an equal half.

It is expressly understood and agreed, that if at the end of two years from the said first day of June, A. D. 1871, the said Matthews & Cornwell, their heirs or assigns, shall not have been paid the said sum of twenty-five thousand nine

hundred and eighty dollars ($25,980) with ten per cent interest as aforesaid, they shall have power to make sale of the whole or a part, as may be necessary, of said premises, on the most advantageous terms for all concerned, and out of the proceeds of such sales shall pay all taxes and assessments legally levied on said premises, and not then paid, all cost of improvements made on said premises but not paid for, and reserve to themselves the said sum of twenty-five thousand nine hundred and eighty dollars ($25,980), with ten per cent interest as aforesaid, and divide any excess of land or proceeds, as before provided for, between said Matthews & Cornwell one-half and said Kerfoot one-half.

It being further agreed that one-half of any deficit arising from this transaction, by reason of the failure of the proceeds of sales to pay the said sum of twenty-five thousand nine hundred and eighty dollars ($25,980), with interest as aforesaid, and any other moneys advanced by said Matthews & Cornwell for the joint account of the parties hereto in this connection, shall be paid to the said Matthews & Cornwell, their heirs or assigns, by the said Kerfoot, his heirs or assigns.

After the payment of such moneys and securities to the said Matthews & Cornwell, their heirs or assigns, as before stated, any parts of said premises then unsold, or proceeds of sales then on hand, as before stated, shall belong to the said Matthews & Cornwell, their heirs or assigns, an equal half, and to the said Kerfoot, his heirs or assigns, an equal half.

It being understood that on the full payment to said Matthews & Cornwell of the moneys as aforesaid, a conveyance by special warranty deed, with full dower right therein will be made by them to said Kerfoot of an equal undivided half of any portion of the land then remaining unsold, and a transfer will be made by them to said Kerfoot of one-half of said proceeds and securities then remaining on hand.

All moneys to pay taxes, make improvements, and in any way expended in behalf of said property, to be advanced at

the time of the expenditure by said Matthews & Cornwell one-half, and said Kerfoot one-half.

It is understood and agreed that no sale of the whole or a part of the joint interests of the parties hereto in said premises shall be made within two years from the said first day of June, A. D. 1871, without the joint consent of the parties hereto.

It being understood that the rights and obligations hereunder shall extend to and be obligatory upon the heirs and legal representatives of the respective parties hereto.

In witness whereof, the said parties hereto have hereunto set their hands and seals the day and year first above written.

| | |
|---|---|
| GEORGE L. MATTHEWS, | [SEAL.] |
| DARIUS K. CORNWELL, | [SEAL.] |
| SAMUEL H. KERFOOT. | [SEAL.] |

The case is an appeal from the Probate Court to the Circuit Court from a judgment rejecting a claim presented by the appellee against the estate of George L. Matthews; the appellants being the executors of the will of George L. Matthews.

It is wholly unnecessary to go into any detail of facts beyond, or extrinsic to the contract.

The Circuit Court entered judgment in favor of the appellee for $17,845.18. If the contract gave him a present, vested interest in the land described in it, that judgment is right; if it did not, the judgment is wholly wrong. We understand both parties to have acceded to this statement.

The contract purports to be in consideration of money paid; it requires the appellee to advance one-half of all money " in any way expended in behalf " of the property described; it makes the appellee responsible for one half of any deficiency in the proceeds of sales to pay Matthews & Cornwell $25,980 with ten per cent interest, with all advances made by them; and it extends " the rights and obligations " " to the heirs and legal representatives " of the parties.

All these features are inconsistent with a construction that it was merely a contract for the personal services of the ap-

pellee, to be compensated out of expected profits, and they are only consistent with the hypothesis that the land was the capital of a *quasi* partnership, out of the first proceeds of which Matthews & Cornwell were to be paid the price of the land with interest, and all their advances, and the residue of all proceeds, and of any undisposed-of land, were to be divided equally, one-half to them, and one-half to the appellee.

Little, if any, aid in construing this contract can be derived from a consideration of what courts have said in other cases; it is not probable that in making the contract the parties ever thought of litigation about it, or of what courts would think of it.

Reading the contract, as we do, as vesting in the appellee a present interest in the land, it follows that the judgment of the Circuit Court is affirmed.